## KNOX COUNTY *v.* HARSHMAN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 1212. Submitted January 10, 1890. — Decided January 27, 1890.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defence of which he could not avail himself at law, or had a good defence at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.

*Harshman* v. *Knox County*, 122 U. S. 306, affirmed.

Where by statute the summons in any action against a county may be served upon the clerk of the county court, and the officer's return in such an

action shows such a service, the county cannot maintain a bill in equity to restrain process of execution upon the judgment, on the ground that service was not made upon the clerk, or that he did not inform the county court thereof.

THIS was a bill in equity by the County of Knox, in the State of Missouri, against Harshman, a citizen of Ohio, in the Circuit Court of the United States for the Eastern District of Missouri, for a perpetual injunction against the prosecution of the peremptory writ of mandamus issued by that court, pursuant to the judgment and mandate of this court in *Harshman* v. *Knox County*, 122 U. S. 306, to compel the judges of the county court to levy a tax sufficient to pay a judgment recovered by Harshman in the Circuit Court of the United States for $77,374.46, on bonds issued by the county for a subscription to the capital stock of the Missouri and Mississippi Railroad Company.

The bill set forth that this judgment was rendered on default, upon a petition alleging that the subscription was authorized by a vote of two-thirds of the qualified voters of the county at a special election held under § 17 of c. 63 of the General Statutes of Missouri of 1866; and upon a return of the marshal that fifteen days before the return day he had made service upon the county by delivering a copy of the petition and summons to Frank P. Hall, the clerk of the county court, at Edina in the county and district aforesaid.

The bill averred that the allegations of the petition were false; and that the bonds were in fact issued without the assent of two-thirds of the voters, and under § 13 of the charter of the railroad company, by which the tax to be levied in payment of the bonds was limited to one-twentieth of one per cent upon the assessed value of taxable property for each year.

The bill further alleged that neither the county court, nor any of the judges thereof, nor the county attorney, had any notice or knowledge of the commencement of the suit until after the end of the term at which the judgment was rendered, when they were informed thereof by Harshman's attorney; that Hall, the county clerk, after the pretended service upon

him, never handed to the county court the copy of the petition and summons, or called the attention of the county court or its judges, or of the county attorney, to the fact of service, or said anything about it until, upon being inquired of by them after they had been informed of it as aforesaid, he denied that a copy of the petition or summons had been served upon him, or that he had any knowledge or notice thereof; and the bill alleged, and charged the fact to be, "that neither a copy of said summons and petition, nor either of them, was served upon said Frank P. Hall, as stated by the marshal in his return to said summons, and that said return was and is false."

The bill also alleged that "said judgment on default was rendered on a false allegation of facts, and as the record stands it is a gross fraud upon your orator to the extent and in the particulars herein mentioned."

The answer averred that the allegations of the petition and the statements in the return were true, and that the county had full notice of the commencement of the action; and denied that the judgment was rendered upon a false allegation of facts, or was a fraud upon the plaintiff. The plaintiff filed a general replication.

At a hearing upon pleadings and proofs, the bill was dismissed, and the plaintiff appealed to this court.

*Mr. James Carr* for appellant.

*Mr. T. K. Skinker* for appellee.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defence of which he could not avail himself at law, or had a good defence at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. *Marine Ins. Co.* v. *Hodgson,* 7 Cranch, 332, 336; *Hendrickson* v. *Hinckley,* 17 How. 443, 445; *Crim* v. *Handley,* 94 U. S. 652; *Phillips* v. *Negley,* 117 U. S. 665, 675.

In the case before us, the bill in equity of the judgment debtor contains no allegation of any fraud on the part of the judgment creditor or his agents.  The allegation that the record of the judgment as it stands is a gross fraud upon the judgment debtor, is in terms, as it must be in legal effect, limited to the particulars specified in the bill.  *United States* v. *Atherton,* 102 U. S. 372; *Ambler* v. *Choteau,* 107 U. S. 586, 590, 591.  The grounds assigned for the interposition of equity reduce themselves to two.

The first ground is that the allegations in the petition on which the judgment was recovered were false, especially in that they alleged that the subscription was made under the General Statutes of Missouri, authorizing the levy of a tax sufficient to pay the amount of the bonds and coupons.  But this ground is fully met and disposed of by the opinion delivered by Mr. Justice Matthews in *Harshman* v. *Knox County,* 122 U. S. 306, in which it was said: "By the terms of the judgment in favor of the relator it was determined that the bonds sued on were issued under the authority of a statute which prescribed no limit to the rate of taxation for their payment.  In such cases, the law which authorizes the issue of bonds gives also the means of payment by taxation.  The findings in the judgment on that point are conclusive.  They bind the respondents in their official capacity, as well as the county itself."  122 U. S. 319, 320.

The other ground relied on is that the county had no notice of the commencement of the action against it.  The bill of the county and the argument of its counsel proceed on two hardly consistent suppositions — that the clerk of the county court was never served with process; and that he was negligent in not seasonably informing the county court or county attorney that service had been made upon him.  But in either aspect of the case the bill cannot be maintained.

The statutes of Missouri provide that "where any action shall be commenced against any county, a copy of the original summons shall be left with the clerk of the county court fifteen days, at least, before the return day thereof."  Missouri Rev. Stat. of 1879, § 3489.  The clerk is thus made the agent of the

county for the purpose of receiving service of process against it, and service upon him is legal and sufficient service upon the county. *Commissioners* v. *Sellew,* 99 U. S. 624 ; *Thompson* v. *United States,* 103 U. S. 480 ; *W~l* v. *Greene County,* 69 Missouri, 281.. The officer's return stated that he served a copy of the summons upon the clerk. If that return were false,.yet no fraud being charged or proved against the petitioner, redress could be sought at law only, and not by this bill. *Walker* v. *Robbins,* 14 How. 584. But if the question of the truth of the return could be considered as open in this suit, the proofs given at the hearing clearly show that such service was in fact made. Any neglect of the clerk in communicating the fact to the county court was neglect of an agent of the county, and did not affect the validity of the service or of the judgment.

*Decree affirmed.*