TOMPKINS v. DRENNEN et al.

(Circuit Court of Appeals, Fifth Circuit. May 22, 1893.)

No. 100.

1. MORTGAGES—POWER OF SALE ON DEFAULT—CONSTRUCTION.

Where the terms of a mortgage authorize the mortgagee, on default, to sell only for cash, and he accepts notes from the purchaser, he is liable to the mortgagor for the difference between the amounts which, by the terms of the mortgage, are to be applied to the payment of the debt, and the selling price, notwithstanding that the purchaser's notes subsequently became worthless.

2. EQUITY JURISDICTION—RES JUDICATA.

Defenses to an action at law, which have been adjudicated between the parties, will not constitute a basis for relief in a court of equity.

3. SAME.

Matters which, if a defense to an action at law, could have been set up therein, cannot, after the determination of such action, be used by the unsuccessful defendant as a basis for equitable relief, where it does not appear that he was prevented from availing himself of such defense by fraud or accident.

Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

In Equity. Bill by Henry B. Tompkins against D. M. Drennen and Joseph Smith to enjoin the sale of plaintiff's property under execution. From a dismissal of the bill on demurrer, complainant appeals. Affirmed.

Statement by TOULMIN, District Judge:

The bill in this case was filed to enjoin the sale of appellant's property, levied on under an execution issued on a judgment obtained against him in the state circuit court of Jefferson county, Ala. The facts on which the judgment was obtained were, in substance, as follows: On December 1, 1886, appellant sold a block of land in the city of Birmingham, Ala., to Royster and Martin, making them a deed therefor, and receiving contemporaneously from them a mortgage to secure the payment of the purchase money, evidenced by two notes, each for the sum of $13,333.33, due at one and two years after date. By the terms of the mortgage it was provided that, if there was a failure to pay either of said notes at maturity, appellant was authorized to take possession of the block of land, and to sell the same at public outcry for cash. The note falling due on December 1, 1887, was not paid, and on December 7th appellant duly advertised the property for sale, and on January 7, 1888, offered it for sale at public outcry to the highest bidder for cash. Charles D. Woodson became the purchaser for the sum of $32,000. On the same day appellant executed a deed to Woodson, acknowledging therein the payment of the consideration of $32,000, and also wrote a letter to Royster and Martin, inclosing a statement of account between them, and a check for $42.85, stating that this amount was the balance due them after paying the mortgage debt, with interest, and expenses of sale; and on February 21, 1888, appellant made an entry on the record of the mortgage of the words, "Satisfied in full." Prior to December 7, 1887, and to the advertisement of the mortgage sale, appellee Drennen purchased the block of land from Royster and Martin, and after said sale purchased their claim for the balance of the proceeds thereof. He subsequently entered suit against appellant for such balance in the cir-

cuit court of Jefferson county, Ala., on the common counts in assumpsit, one of which was for money had and received. Appellant appeared and pleaded to the suit, and in due course of proceedings judgment was recovered by appellee for the sum of $2,628.75. From this judgment an appeal was taken by appellant to the supreme court of the state, which affirmed the judgment. In March, 1892, and after Drennen had obtained his judgment, appellant filed the original bill in this case, alleging as the facts constituting the equity of the bill that Woodson never paid any money to him in cash on account of the purchase of said land, but that he executed to him his promissory note for the whole of the $32,000 purchase money, with interest at 8 per cent. per annum; that in December, 1889, appellant filed a bill in the state court to enforce his vendor's lien on said land, and in January, 1890, a decree was rendered in the suit subjecting the land to his lien and authorizing a sale of the same; that the sale was had in March, 1890, and that appellant, for want of a better bidder, was compelled to become the purchaser for the sum of $20,000, leaving a balance due him from Woodson, for which he thereafter obtained a personal judgment against him, on which execution was issued and $273.85 realized, leaving the balance of the $32,000 wholly unpaid; and that said Woodson had since died, hopelessly insolvent. The bill further averred that Drennen had caused execution to be issued on his judgment and to be placed in the hands of the sheriff of Jefferson county, Ala., who had levied the same on appellant's property. The bill prayed for an injunction restraining Drennen from enforcing the collection of his judgment and the sale of appellant's property under the execution.

Drennen filed demurrers to the bill, and also moved to dismiss it for want of equity. On the hearing the bill was dismissed. This was on June 23, 1892. On July 23, 1892, the amended bill was filed, averring in substance and effect that Drennen had no right or title to the claim sued on in the state circuit court, and that said court had no jurisdiction to render any judgment against appellant in that suit on the facts disclosed in the record. A demurrer to the amended bill was filed by Drennen, and sustained by the court. From the decrees sustaining the demurrer and dismissing the bill and amended bill this appeal was taken.

R. C. Brickell and Wm. B. Farley, for appellant.

James E. Webb, (Gillespie & Smyer and Webb & Tillman, on the brief,) for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge, after stating the case as above, delivered the opinion of the court.

A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. Knox Co. v. Harshman, 133 U. S. 152, 10 Sup. Ct. Rep. 257, and authorities therein cited. The facts averred in the original bill constitute no defense at law or in equity to Drennen's claim as purchaser of the land from the mortgagors and owners of the equity of redemption, and as assignee of their claim against the appellant for the surplus of the proceeds of sale. Although appellant had authority under the mortgage to sell only for cash, he had the right to agree with the purchaser to allow him time for the payment of the purchase money. This was a matter between the mortgagee (appellant) and the purchaser, which they could arrange to suit themselves, (Durden v. Whetstone, 92 Ala. 480, 9 South. Rep. 176; Mewburn's

Heirs v. Bass, 82 Ala. 622, 2 South. Rep. 520;) and whether the purchaser settled the purchase money in cash or by executing a note to appellant was a matter resting exclusively with them, and with which the mortgagors had no concern, (Cooper v. Hornsby, 71 Ala. 62.) The extent of their equity was to have credit for the sum bid as cash, and the appellee, as their grantee, was entitled to recover in an action for money had and received the balance of the purchase money remaining in appellant's hands after deducting the amounts which by the terms of the mortgage were authorized to be applied to the payment of the debt, and of such expenses and charges as were therein provided for. Tompkins v. Drennan, (Ala.) 10 South. Rep. 638.

The averment in the amended bill to the effect that Drennen had no right or title to the claim sued on in the state circuit court shows a good defense at law, but it appears from the record that such defense was fully and fairly tried in that suit. A court of equity will not assume to control a judgment of a court at law for the purpose simply of giving a new trial. Marshall v. Holmes, 141 U. S. 596, 12 Sup. Ct. Rep. 62; Crim v. Handley, 94 U. S. 652; U. S. v. Throckmorton, 98 U. S. 61.

The other facts averred in the amended bill, and relied on as an equitable defense to Drennen's claim, if a good defense to such claim, could have been set up in his suit against the appellant in the state court. That suit was an action in assumpsit for money had and received, which, in its spirit and purposes, has been likened to a bill in equity, and is an exceedingly liberal action. King v. Martin, 67 Ala. 182. In Eddy v. Smith, 13 Wend. 488, the court says:

"It is a most favorable way in which he [the defendant] can be sued. He can be liable no further than the money he has received, and against that may go into every equitable defense upon the general issues. He may claim every equitable allowance; in short, he may defend himself by everything which shows that the plaintiff ex aequo et bono is not entitled to the whole of his demand, or any part of it."

These principles have, ever since their development, been recognized as sound, both in England and here, and are of daily application. It does not appear from the averments in the bill or in the amended bill that appellant was prevented from availing himself of such defense by fraud or accident, without which no equity is shown therein.

We find no error in the record, and the decree is affirmed.