## VILLAGE OF CELINA v. EASTPORT SAVINGS BANK.

(Circuit Court of Appeals, Sixth Circuit. June 4, 1895.)

### No. 248.

1. EQUITY—SETTING ASIDE JUDGMENT—MISTAKE.

Equity has jurisdiction of a bill to set aside a judgment which has been suffered by a mistake, but much clearer and stronger proof of freedom from fault or negligence, in the party seeking such relief, is required, than upon an application for a new trial in the original action.

2. SAME—DILIGENCE.

In June, 1890, an action was commenced against the village of C., by service of process upon the mayor. Shortly afterwards, the mayor called upon a firm of attorneys, and inquired if they could attend to the suit, to which they replied that they could. Thereafter neither the mayor nor the village paid any further attention to the suit, never knew whether an answer was filed or not, or made any inquiry about the case. In December, 1890, judgment was entered against the village, by default, upon which no proceedings were taken until September, 1891, when the plaintiff's attorney wrote to the village requesting payment. In October, 1891, the village filed a bill to set aside the judgment. *Held*, that no case was made out for the relief sought.

Appeal from the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

This was a suit by the village of Celina against the Eastport Savings Bank to set aside a judgment. The circuit court dismissed the bill. Complainant appeals.

On the 2d day of December, 1890, the Eastport Savings Bank recovered a judgment by default against the village of Celina, the present appellant, for the sum of $3,611.56, besides costs, in an action brought on the 7th day of June preceding, in which there was due personal service of process upon the mayor of the village. After the judgment was entered in December, 1890, no further proceedings were had in the case during that term, nor until the 28th day of October, 1891, when the present suit was instituted by the village of Celina, the defendant in the suit in which the judgment was obtained, against the plaintiff therein, the Eastport Savings Bank.

The character of the pleadings and practice in the court below is anomalous in the extreme. The proceedings were commenced by a petition, and not by bill. The petition is addressed to the court as a court of law, sets up the recovery of the judgment against the petitioner, stating that it remains in full force and unsatisfied; that it was taken by default without the knowledge of "this plaintiff"; that the plaintiff had reason to believe, and did believe, that it had employed attorneys to defend the case; that a proper answer had been made for it in the cause, and that the mayor of the village, after having been served with process, and on the 27th day of June, 1890, being authorized and directed by a resolution passed by the common council to employ an attorney to represent the village in the cause, visited a firm of attorneys in the village, and inquired of them if they could represent it in the said action, and that the said firm of attorneys informed the mayor that they could represent the village; and that the mayor, after some further conversation with said firm about the action, the particulars of which are not stated, left the attorneys' office "under the definite and positive impression and belief" that he had engaged the attorneys to represent the village in the said action, and that the attorneys had agreed to do it: that the mayor, relying upon such understanding, gave no further time or attention to the interests of said village in said action; that it did not discover that the judgment had been taken during the term of the court at which it was rendered, nor until the 1st day of September, 1891, when it learned of it by a letter from the attorney for the Eastport Savings Bank, mentioning the judgment and inquiring what action

the village expected to take in reference to it; and concludes this part of the statement of its case with the allegation, "nor could this plaintiff with reasonable diligence have discovered the facts hereinbefore mentioned and stated." The petitioner then proceeds to make a statement of what is the defense which it conceives it was entitled to make, the substance of which is that the judgment was rendered for a sum due upon the coupons of bonds of the village which had been issued by it in aid of a railroad enterprise under a statute which purported to authorize the issuance of such bonds, but which statute it alleges was unconstitutional, for reasons set out at length in the statement of the proposed defense. It appears that the bonds were of the same class of bonds as those which were held void by this court in Aetna Life Ins. Co. v. Pleasant Tp., 10 C. C. A. 611, 62 Fed. 718, and subject to the same defense as was therein sustained. The petitioner concludes by praying for an order enjoining the enforcement of the judgment during the pendency of this action, and that the said judgment be set aside and held for naught; that its said defense may be allowed to be set up, and for any other relief to which the petitioner may be entitled. There was no prayer for process in the petition; nevertheless process appears to have been issued in the form of a subpoena, and a temporary restraining order was issued as prayed in the petition.

The bank appeared and answered the petition, and for its first defense, after admitting that the bank had recovered the judgment as stated in the petition, and that the attorney for the bank informed the mayor of the village of the recovery of the judgment as stated, denied all the other allegations of the petition respecting the circumstances of the supposed employment of an attorney to look after the defense of the village, the reliance upon the supposed arrangement made for that purpose, and the understanding of the attorneys who were expected to defend, except such other of the allegations of the petition as were admissions of fact. For its second defense, the bank set forth that for eight years previously the village had duly levied and collected a sufficient sum of money for the special purpose of paying the coupons upon these bonds, and that the money so collected was then in the treasury of the village devoted to the payment, among other things, of the bank's claim.

The case was tried by the court below upon an agreed statement of facts, substantially as alleged in the pleadings, and the finding was that the plaintiff is not entitled to the relief prayed for in its said bill, and thereupon the court ordered that the bill should be dismissed, and that the defendant recover its costs. Thereupon the village of Celina filed its motion for a new trial, which was overruled. A bill of exceptions was settled and signed, in which it is stated that the petitioner excepted to the judgment of the court and the order refusing a new trial. From the action of the court below the petitioner appeals.

Doyle, Scott & Lewis, for appellant.

James L. Price, for appellee.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, having stated the facts as above stated, delivered the opinion of the court.

The proceedings in this case appear to have taken on much of the form and character of Code practice and pleading, at one time having the characteristics of a proceeding in a court of law, and at another that of a proceeding in a court of equity. The court appears to have treated the petition as a bill in equity, and in the subsequent proceedings, except in the settlement of a bill of exceptions, seems to have acted in the case upon the theory of its being a bill in equity to set aside a judgment upon the ground of a mistake. As the proceedings finally ended in a decree dismissing what is therein called "the bill," and as no objection has been taken

in this court to the peculiar procedure in the case, we have considered the subject upon its merits.

The ground upon which the village of Celina seeks relief from the judgment which it has suffered to pass by default, is that it failed to take the necessary steps to contest the bank's right of recovery upon the cause of action sued on, in consequence of a mistake or misapprehension of the mayor of the village in supposing that he had employed attorneys to look after the case and interpose the proper defense. A court of chancery has jurisdiction upon a bill filed for the purpose of setting aside a judgment and furnishing an opportunity for another trial where the judgment has been suffered by a clear mistake into which the party against whom the judgment was rendered has fallen without any fault on his part. But in such case "a litigant is required to have exercised the greatest degree of watchfulness over the progress of his suit in court." 1 Black Judgm. § 387; Truly v. Wanzer, 5 How. 142; Crim v. Handley, 94 U. S. 652; 3 Pom. Eq. Jur. § 134, and note; 2 Story, Eq. Jur. § 887. In Insurance Co. v. Hodgson, 7 Cranch, 336, it was said by Chief Justice Marshall that it is a condition to the relief that the party was prevented from interposing his defense by fraud or unavoidable accident unmixed with any fault or negligence in himself or his agents. The court in which the judgment was rendered, for such a reason, also has power, until the case has passed beyond its control by the lapse of the term, to vacate the judgment and award a new trial upon motion. Here the defendant by its inattention had lost this remedy, for the power of the court which rendered the judgment to grant the relief was gone. Muller v. Ehlers, 91 U. S. 249; Bronson v. Schulten, 104 U. S. 410; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901. But there is a difference in the circumstances which would be held sufficient to justify the court which renders the judgment in awarding a new trial while the case is still subject to its control and those upon which the court would, in another suit, interpose by injunction to restrain the plaintiff in an action at law from prosecuting it and remitting him to a new trial; much clearer and stronger proof of freedom from fault or negligence being required in the latter than in the former case.

In the present case we do not think the petition itself sets forth facts sufficient to justify the court, in this independent proceeding, in enjoining the prosecution of the judgment. Taking the statements in the petition to be true, they amount to no more than this: that the mayor of the village asked the attorneys whom he visited if they could attend to the suit, and they replied that they could. This was a very equivocal sort of retainer, and a careless mode of doing business. It appears that the village never gave any further attention to the case, never knew whether an answer was filed or not, and, as is to be gathered from the petition, never made any subsequent inquiry about the case. Time went on from the 27th day of June, 1890, to the 1st of September, 1891, without any inquiry being made about the case, and then only was the village informed of what had become of it by a letter from the attorney,

for the bank, asking for a satisfaction of the judgment. Meantime, as appears, the village proceeded to collect from its taxpayers the money to pay the coupons for which the judgment was rendered. In these circumstances, while we do not say that the showing would not be sufficient to sustain a motion for a new trial, if that had been seasonably made in the court which rendered the judgment, we do not think the case is brought within the requirements of the rule upon which a court of equity acts in decreeing to be void a judgment recovered in a court of law. We do not think that the allegation in the petition that the petitioner "could not with reasonable diligence have discovered the fact," is supported by the facts there alleged.

For these reasons we think the decree of the court below should be affirmed, and it is so ordered.