JOSEPH SCHWEINFURTER v. HERMAN G. SCHMAHL.[1]

October 20, 1897.

Nos. 10,675—(127).

**Action to Set Aside Judgment—Contributory Negligence.**

In an action under G. S. 1894, § 5434, to set aside a judgment against a party who was prevented from defending by the fraud of the prevailing party, and where no relief can be obtained in the action in which the judgment was entered, the aggrieved party must, in his complaint, show that he was entirely free from any degree of contributory negligence in suffering the judgment to be taken against him.

Appeal by plaintiff from a judgment on the pleadings in defendant's favor entered in the district court for Redwood county, pursuant to an order by Webber, J. Affirmed.

*W. J. McLeod*, for appellant.

*Baldwin & Patterson*, for respondent.

CANTY, J.

The defendant herein brought an action against the plaintiff herein in the municipal court of Redwood Falls. The summons was returnable at the first day of the next term, 15 days after service of said summons. The defendant therein failed to appear, and was

[1] Reported in 72 N. W. 702.

defaulted, and judgment was then entered against him on such default for $87. This action is brought to set aside and annul said judgment on the ground that the same was obtained by the fraud of the plaintiff therein and the mistake of the defendant therein. The court below ordered judgment on the pleadings in favor of the defendant herein, and from the judgment entered thereon the plaintiff herein appeals.

Said municipal court was organized under chapter 229, Laws 1895. Section 15 of this act provides:

"The court may for good cause, in its discretion, and upon such terms as it may deem equitable, open any default at the same term at which it may have occurred."

This seems to be the only provision of statute under which the default could be opened, and it clearly implies want of authority in the municipal court to open the default after the term.

Section 5434, G. S. 1894, provides:

"That in all cases where judgment heretofore has been or hereafter may be obtained in any court of record by means of * * * any fraudulent act, practice, or representation of the prevailing party, an action may be brought by the party aggrieved to set aside said judgment at any time within three years after the discovery by him * * * of the facts constituting such fraudulent act, practice, or representation." .

Conceding that an action will lie in a proper case, under this section, to set aside a judgment against a party who was defaulted or prevented from defending by reason of the fraud of the prevailing party, when no relief, or no adequate relief, can be obtained by motion in the action in which the judgment was entered, still we are of the opinion that the complaint does not show that the plaintiff herein exercised sufficient diligence in protecting his rights in the other action to enable him to maintain this action. This action is in the nature of a bill in equity to set aside the judgment, and the relief asked is of an extraordinary character. The party bringing such an action must show "that he was entirely free from any degree of contributory negligence." 6 Enc. Pl. & Prac. 213.

"Much stronger proof of freedom from fault or negligence is required to authorize the interposition of equity to relieve a defend-

ant from the effect of a judgment taken against him by default through his mistake than to remit him to a new trial." Id. note 2, citing Village v. Eastport, 15 C. C. A. 495, 68 Fed. 401. See, also, Elton v. Brettschneider, 33 Ill. App. 355.

The complaint alleges:

"That just after said service of said summons defendant herein, on said 6th day of July, approached this plaintiff, and plaintiff asked him what this paper meant, and what it was for; that then and there, on last-named date, said defendant told plaintiff in German language that this was a lawsuit he had begun against this plaintiff, and falsely and fraudulently also told plaintiff and represented to him that he had just twenty days from that date in which to decide whether he would pay the claim or appear in said municipal court to contest it; that plaintiff believed the said statements and representations of said defendant, Schmahl, and relied upon them; that plaintiff, on his way home from the city of Redwood Falls, on said 6th day of July, lost the copy of said summons so served upon him. Plaintiff further alleges that in fact the said summons was not returnable twenty days after the said 6th day of July, as represented by said Schmahl, but was returnable in said municipal court on July 21st last past, as plaintiff has since learned; that on Saturday, July 25, 1896,—just nineteen days after the service of said summons,—plaintiff appeared in the municipal court, and was then told in English that he was too late,—that judgment was taken against him. Plaintiff further alleges that he. did not then understand what a judgment was, and thought that it was of no consequence, as he was not in court; that, in fact, this defendant, on said summons and complaint, on July 21, 1896, took judgment against this plaintiff in said municipal court."

It is further alleged that the term was adjourned on July 27,— two days after he went to the court, and was informed that judgment had already been entered against him. He further alleges that he is not able to read the English language, and did not understand the contents of the summons.

On the same day that the summons was served on him he was informed that an action had been commenced against him. He paid no more attention to it until he appeared at the municipal court 19 days later, and was informed that judgment had been entered. He still had two days left in which to file a motion to be relieved of the default, but it does not appear that he sought the advice of an attorney until after execution was issued, about September 1. To

allow a party to neglect to take steps at the proper time to defend his rights, and then to proceed in an independent action to enjoin the judgment obtained against him through such neglect, would lead to endless litigation that would be intolerable.

Judgment affirmed.