## HUDGENS et al. v. BAUGH.

(District Court, W. D. South Carolina. September 15, 1915.)

JUDGMENT ☞446—ENFORCEMENT—RIGHT TO ENJOIN.

While enforcement of a judgment may be enjoined, where the unsuccessful party has been prevented from fully presenting his case by the deception of his opponent, a judgment on a note given for the price of a horse, which proved worthless, will not, where plaintiff, who was assignee of the note, was unconnected with the fraud, be enjoined on account of newly discovered evidence that defendant's agent fraudulently conspired with the sellers; the fraud not affecting the judgment, and the defense being one which could have been presented at trial, which did not occur until a number of years after the sale and execution of the note.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 845–848; · Dec. Dig. ☞446.]

In Equity. Bill by Arthur L. Hudgens and others against William S. Baugh. Bill dismissed.

Richey & Richey, of Laurens, S. C., and Haynsworth & Haynsworth, of Greenville, S. C., for complainants.

Dial & Todd, of Laurens, S. C., and Cothran, Dean & Cothran, of Greenville, S. C., for defendant.

JOHNSON, District Judge. In December, 1911, the defendant in this bill, William S. Baugh, brought an action at law in the Circuit Court of this district against the complainants in this bill, as defendants, upon three several promissory notes, each for the sum of $1,066.66, dated February 13, 1907, and payable, respectively, October 1, 1908, October 1, 1909, and October 1, 1910, with interest at 6 per cent. from maturity and 10 per cent. attorney's fees; each note subject to a credit of $266.66 as of February 8, 1907. The defendants in that action answered the complaint and made defense, alleging a breach of warranty in the sale of a German Coach stallion for which the notes were given.

The action came on to be tried by Judge H. A. M. Smith and a jury at October, 1913, term, and resulted in a directed verdict in favor of the plaintiff for $3,789.56. Upon the trial it appeared that the two notes maturing October 1, 1909, and October 1, 1910, were transferred to William S. Baugh before maturity, for value, but that the note maturing October 1, 1908, was transferred to him after maturity. The defendants made no contest as to the two notes transferred before maturity, but contested the other. The verdict as to it was directed upon the ground that the sale was made under a special warranty, which required a return of the horse, and this was never tendered.

In October, 1914, nearly a year after the rendition of the judgment, a motion was made before Judge Smith for a new trial upon after-discovered evidence; the after-discovered evidence being that at the time of the purchase of the stallion, which was the consideration for the notes set up in the complaint, the defendants did not know that one D. H. Counts, who acted for them in the purchase, was at the same time the agent and acted for the vendor, and was interested in making the representations on behalf of the vendor and procuring the sale; that D. H. Counts had deceived the defendants into the belief that he (Counts) had faith in the enterprise and had joined in the venture, and he would be stimulated to make the business a success, and to make sure of the deception resorted to the trick of giving his check as one of the purchasers for $200, which was paid to the vendor, who thereupon paid it back to Counts; that this was a fraud under the principles decided in Hickman v. Sawyer, 216 Fed. 281, 132 C. C. A. 425, and that as to the third note sued upon, which was not proven to have been transferred to the plaintiff for value before maturity, this defense of fraudulent conspiracy could be interposed; that it was unknown to the defendants at the time of the previous trial, and only now were they able to set it up, and therefore upon this after-discovered evidence they are entitled to a new trial upon this note.

On the 13th of November, 1914, Judge Smith filed his order refusing the motion, holding that the moving parties had not shown due diligence, that their motion depended upon the declarations of a witness who was examined at the trial, and that it referred to an issue which was not made upon the trial. His concluding words were:

"If the verdict and judgment has been procured by fraud through the collusion of the plaintiff and the witness Counts in preventing the interposition of the fraud of the vendor and Counts as a defense in this cause, so that it is an issue not determined upon the trial had, then it may be that the defendants would be entitled to an injunction on the equity side of the court against the enforcement of the judgment."

Thereafter the defendants were inactive until the 20th day of July, 1915, when this bill was filed. The defendants in the action at law now bring this bill against the plaintiff in that action to enjoin the enforcement of the execution issued upon the aforesaid judgment. It is important to notice the exact ground for this bill. The plain intimation in Judge Smith's order, which is unquestionably the law, is that if the verdict and judgment has been procured by fraud through the collusion of William S. Baugh and the witness Counts in preventing the interposition of the fraud of Couch & Son and Counts as a defense, the defendants could maintain this bill to enjoin the enforcement of the execution. The collusion must have been between the plaintiff, Baugh, and the witness Counts, not between Couch & Son and Counts.

The bill makes no reference to any fraud or collusion between Baugh and Counts, but refers only to that between Couch & Son and Counts. It appears that Baugh came into the case long after the negotiations for a sale in February, 1907, and there is not a word in the bill connecting him with the alleged fraud of Couch and Counts. The defendant W. S. Baugh now moves for an order dismissing the bill for

want of equity, and that is the matter presently to be decided. I think that the controversy is governed by the case of United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93. There it is held:

"But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise, or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat, or where the attorney regularly employed corruptly sells out his client's interest to the other side, these and similar cases, which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adjudicata, § 499; Pearce v. Olney, 20 Conn. 544; Wierich v. De Zoya [2 Gilman] (7 Ill.) 385; Kent v. Ricards, 3 Md. Ch. 392; Smith v. Lowry, 1 Johns. Ch. (N. Y.) 320; De Louis et al. v. Meek et al., 2 G. Greene (Iowa) 55 [50 Am. Dec. 491].

"In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court."

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed."

Also:

"We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, in the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered."

To the same effect is United States v. Beebe, 180 U. S. 348, 21 Sup. Ct. 371, 45 L. Ed. 563; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Marshall v. Holmes, 141 U. S. 596, 12 Sup. Ct. 62, 35 L. Ed. 870; Graham v. R. Co. (C. C.) 14 Fed. 753; Kimberly v. Arms et ux. (C. C.) 40 Fed. 548; Hilton v. Guyott (C. C.) 42 Fed. 252; Young v. Sigler (C. C.) 48 Fed. 183; Daniels v. Benedict (C. C.) 50 Fed. 353; Smith v. Worthington, 53 Fed. 981, 4 C. C. A. 130; Tomkins v. Drennen, 56 Fed. 694, 6 C. C. A. 83; Graver v. Faurot, 76 Fed. 259, 22 C. C. A. 156; Ritchie v. Mc-Mullen, 79 Fed. 522, 25 C. C. A. 50; Miller v. Perris (C. C.) 85 Fed. 693; Reed v. Stanly (C. C.) 89 Fed. 433; Jahn v. Lumber Co. (C. C.) 157 Fed. 416; Jackson v. Wilkerson, 160 Fed. 623, 87 C. C. A. 525; United States v. Aakervik (D. C.) 180 Fed. 143; Stead v. Curtis, 191 Fed. 529, 112 C. C. A. 463; Buchler v. Black (D. C.) 213 Fed. 881; Nelson v. Meehan, 155 Fed. 6, 83 C. C. A. 597, 12 L. R. A. (N. S.) 374; Bailey v. Willeford (C. C.) 126 Fed. 806.

The horse was purchased in February, 1907. His worthlessness was known that season. The action at law on the notes for the purchase money was not begun until December, 1911. The case was not brought

to trial until October, 1913. Motion for a new trial on the ground of after-discovered evidence was made and refused a year later. More than eight years after the original transaction, this court is asked to exercise its equity powers, which are great, to enjoin the collection of a portion of the judgment. In the long time that elapsed between the transaction and the time suit was brought, and before trial was had, the complainants had ample opportunity to ascertain all the facts in the case and to set up all their defenses.

The ground of this bill is an alleged fraud between the payees of the note and a stranger, a matter which might have been set up as a defense in the action at law, as it was a matter which affected the validity of the original transaction, and not the judgment which resulted from that trial. It is not alleged nor suggested that the defendant in this action, the plaintiff in the action at law, practiced any fraud on the complainants, whereby they were prevented from making a full defense.

It is therefore ordered, adjudged, and decreed that the bill be dismissed, with costs.