INTERURBAN GENERAL CONTRACTING CO. OF NEW YORK et al. v. UNITED STATES, to Use of VICTORIA WHITE GRANITE CO. OF OHIO, et al.

(District Court, D. Massachusetts. January 12, 1916.)

No. 692.

1. JUDGMENT ⬿437—EQUITABLE RELIEF—NEGLIGENCE AND MISTAKE OF COUNSEL.

A surety company, which permitted judgment to be taken against it by default because of a misunderstanding between its New York counsel and its Massachusetts counsel, each of whom understood that the other would attend to the matter, was not entitled to equitable relief against the judgment, as a court of equity does not interfere with judgments at law unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 827, 828; Dec. Dig. ⬿437.]

2. COURTS ⬿365—UNITED STATES COURTS—FOLLOWING STATE PRACTICE.

In determining whether a defendant, against whom a default judgment was obtained by reason of a misunderstanding by the different attorneys representing it, was entitled to equitable relief against the judgment, the court was not bound by the decisions of state courts, as the matter was one concerning its power rather than its procedure.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. ⬿365.]

In Equity. Suit by the Interurban General Contracting Company of New York and another against the United States, for the sole use and benefit of the Victoria White Granite Company of Ohio, and others. On motion to dismiss the bill. Bill dismissed.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ham, Frederick & Yont, of Boston, Mass., for plaintiffs.
Franklin N. Newell, of Springfield, Mass., for defendants.

MORTON, District Judge. The defendant in this suit obtained on June 21, 1915, in an action of law brought by it in this court, a judgment by default for nonappearance against the complainants herein. The term at which the judgment was entered expired and was adjourned sine die. This is a suit in equity, entitled "Bill of Review," brought by the defendant in that action to enjoin the enforcement of the judgment so obtained, or to set it aside. The present defendant, the judgment creditor, has filed a motion to dismiss the bill, which is equivalent to a general demurrer.

[1] The case stated in the bill is in substance as follows: The New England Equitable Insurance Company, which is the principal complainant, and will be referred to as the complainant, was formerly the New England Casualty Company. Under that name it became surety for the Interurban General Contracting Company, upon a bond to the United States of America to secure the performance of a contract between the United States and the Contracting Company. The action referred to was brought against the Insurance Company on that bond, and service of process was duly made upon the defendant. The bond had been issued through the New York office of the Insurance Company, and the summons served upon the company was sent by its counsel in Massachusetts to its counsel in New York with the expectation that the New York counsel would thereafter attend to the matter. The Massachusetts counsel, therefore, took no steps to see that an appearance was entered. The company's New York counsel was advised of the commencement of the action, but he supposed that the complainant's interests as defendant therein were being attended to by its Massachusetts counsel; and he accordingly did not appear for it. The result of this misunderstanding was that the Insurance Company was defaulted, and the judgment by default before mentioned was rendered against it for the amount of the declaration, $687.08 and costs. The complainants admit that one of the original plaintiffs had a valid claim in the sum of $160.43, payment of which is offered in the bill. The bill further alleges:

"13. That the claim which was the foundation of the judgment which the defendants have against your complainants was unjust and unfounded and that your complainants have a good defense to the said action, and that except for the negligence and mistake of their employés would have defended the said action and contested the assessment of damages; the defense is that your complainants have paid the defendants and therefore owe them nothing."

The question is whether this bill sets up a case entitling the complainants to any relief. The principle by which it is to be determined is clear.

"A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law. or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." Gray, J., Knox County v. Harshman, 133 U. S. 152, 154, 10 Sup. Ct. 257, 258 [33 L. Ed. 586].

There is here no question of any equitable defense which was unavailable at law, nor of any fraud on the part of the original plaintiff in obtaining the judgment in question, nor of any mutual mistake. The real question is whether, upon the allegations in the bill, the judgment was obtained by accident, without negligence on the part of the Insurance Company. It is to be assumed, as the bill alleges, that there was a good defense to the action, except as to $160.43.

[2] As the matter is one which concerns the power of the court, rather than its procedure, the courts of the United States are not bound by the decisions of the state courts. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745; City of Manning v. German Ins. Co., 107 Fed. 53, 57, 46 C. C. A. 144 (C. C. A. 8th Circuit).

In City of Kansas City v. U. P. R. R. Co., 192 Fed. 316, 114 C. C. A. 1 (C. C. A. 8th Circuit), the Railroad Company had brought a bill against the city. The subpœna was duly served upon the mayor and clerk, and was by them left on the city solicitor's table for attention by him. He did not notice it, no appearance was entered for the city, judgment against it was obtained by default, and the term expired. In proceedings to set aside the judgment it was averred that the city solicitor, in gathering up papers from his desk, had, by accident and mistake, taken up and disposed of the subpœna without noticing what it was. It was held, apparently upon demurrer, that the city was not entitled to relief. In Village of Celina v. Eastport Savings Bank, 68 Fed. 401, 15 C. C. A. 495 (C. C. A. 6th Circuit), the savings bank had brought an action against the village. The summons was duly served upon the mayor. He consulted a firm of attorneys, inquired if they would undertake the defense of the action, received an affirmative reply, and left understanding that he had arranged for them to represent the village. The attorneys did not so understand the transaction and entered no appearance. Neither the mayor nor the attorneys paid further attention to the case until some months after judgment had been rendered on default and the term at which that was done had expired. It was held by Taft, Lurton, and Severens, JJ., that no case was stated which warranted relief in equity. In Travelers' Protective Association v. Gilbert, 111 Fed. 269, 49 C. C. A. 309, 55 L. R. A. 538 (C. C. A. 8th Circuit), Gilbert had brought an action at law against the association on an insurance certificate issued by it. The summons was served upon the secretary of a subordinate lodge, who did not understand its significance and failed to apprise the defendant of it. Judgment was entered against the association on default for nonappearance. At the next term the defendant began proceedings to have the judgment set aside, and finally filed a bill of review. It was held that the association was not entitled to relief. No case has come to my attention in which, on facts at all similar to those here, relief was granted in the United States courts.

This bill explicitly alleges that the reason why the complainant did not defend the action was "negligence and mistake of their employés." If this statement be taken as true, it is clear that no case for relief

is stated.   If it be disregarded, I feel obliged, under the decisions referred to, which represent the general law of the federal courts, to hold that upon the bill as a whole the complainant is not entitled to relief in equity against the judgment in question, and that the motion to dismiss must be allowed.

The result is certainly a hardship to the original defendant, and strongly suggests the desirability of legislation, giving to the federal courts power to review judgments by default, such as has been given to the courts of many states.   See, inter alia, Rev. Laws Mass. c. 193, § 14 et seq.; Rev. Stats. Maine, c. 91; Gen. Laws N. H. c. 234; Gen. Laws R. I. c. 297.   Pending action by Congress, an amendment has been made to the rule of this court relating to entry of judgment, which it is hoped will to some extent prevent similar cases in the future.

Motion to dismiss allowed; the defendant may present a decree dismissing the bill.