By the Court.
 

 This is an action in
 
 quo warranto,
 
 originating in the Court of Appeals of Huron county, wherein is challenged the right of the defendant, the Ohio Electric Power Company, to maintain its poles, wires, and electrical equipment in the streets, alleys, and public places in the city of Norwalk for the purpose of distributing and supplying electric current for commercial and private lighting, and plaintiff prays an order ousting the defendant therefrom. The Court of Appeals on hearing found for the plaintiff and ordered a decree of ouster as prayed for in the petition. Thereupon a petition in error was filed in this court.
 

 The rights of the respective parties may readily be ascertained from a consideration of the facts disclosed by the record. The defendant, the Ohio Electric Power Company, became the owner of the property concerned, and of certain rights, privileges, and franchises, by successive grants from the Northern Electric Company, a corporation formed April 30, 1895. Shortly after its incorporation, to wit, May 20, 1895, the Northern Electric Company procured a transfer to itself of the property, including all rights and franchises, theretofore belonging to the Incandescent Light & Power Company, a corporation organized March 7, 1891, and had acquired a 20-year franchise, which in 1890 had been granted to the Norwalk Incandescent Light Company, a partnership. The grant by the municipality to the partnership, which thereafter incorporated and became the Incandescent Light & Power Company, was for
 
 *237
 
 a stipulated and expressly limited term of 20 years, and granted a right of way upon the streets, alleys, and public grounds of said city for the purpose of therein erecting and maintaining necessary poles and wires to provide and successfully operate a system of incandescent lighting. No written acceptance was provided for, nor shown in the record, but it does appear that the ordinance was enacted upon the application of the partnership, members of which attended the meeting of council and personally accepted the grant, and thereupon the grantees entered upon, and thereafter the company which took over the property of the partnership continued to operate, the plant and lines constituting the only lighting system then existing in the city of Norwalk. Said company was incorporated in March, 1891, its purpose being the furnishing to the citizens of Nor-walk and vicinity electric current for lighting, power, and heating. Later, through an assignee for creditors, and by order of court, all the property of said company, including “all franchises, patronage, good will and rights of said business,” were sold and transferred to certain individuals named, who, in May, 1895, by conveyance of similar purport and description, transferred the same to the Northern Electric Company. By like description the same property was on May 8, 1900, conveyed to the Nor-walk Gas
 
 &
 
 Electric Company, which had been organized and incorporated under the laws of Ohio April 17, 1900.
 

 Thereupon the council of the city of Norwalk consented to an assignment of a 10-year contract for street lighting to the last-named company, which contract had been entered into by the city and the
 

 
 *238
 
 Northern Electric Company in July, 1895. By a similar description said property was transferred to the Cleveland
 
 &
 
 Southern Traction Company in February, 1903. In April, 1905, the latter company entered into a contract with the city of Norwalk for street lighting in anticipation of the expiration of the former contract, no reference being made therein to commercial lighting; but the contract did provide for the erection and maintenance of poles, etc., under the “restrictions and limitations imposed by said city,” and contained the express provision that “nothing herein contained shall permit said use or occupation of said streets, alleys, and other public places after the expiration of this contract, to wit, August 31, 1915.” That contract further provided as follows: ‘ ‘ The said contractor, at the expiration of this contract, shall upon request of the said city, remove all poles, posts, lamps, wires and other apparatus or material of every kind and description from the streets, alleys and other public places in said city, and restore said streets, alleys, and other public places to as good a condition as the same may be at the time of such removal, and in default thereof after 30 days’ notice from said city the same may be done by said city or its agents, and said contractor shall pay to said city all costs and expenses thereby incurred.”
 

 It is to be observed that no franchise was given for electric light or power purposes, or grant of any character made by the council of the city of Nor-walk, subsequent to the 20-year franchise, and that franchise by its express terms expired in 1910, and no contract of any kind or character relative to the furnishing and distribution of electric current,
 
 *239
 
 except street lighting contracts above referred to, was entered into by and between the city and either of said companies. The defendant in this action acquired whatever property and rights it has, which are involved herein, by successive grants from the Cleveland & Southern Traction Company.
 

 This record discloses that the city of Norwalk erected a municipal plant in 1915, and constructed, and has since maintained and operated, a complete system, whereby it supplies current for all its street lighting and also meets the demand for most of the current consumed for private and commercial use in the city.
 

 Under the facts presented by the record the claim of the defendant that by reason of the occupancy of the streets of the city of Norwalk its predecessor obtained a perpetual right to occupy said streets, to which right this defendant has succeeded, cannot be sustained. Under the law as it stood in 1890, when such 20-year franchise was granted, the partnership could not have acquired such right otherwise than through the municipality itself. Authority was conferred only upon incorporated companies designated by statute to so occupy the streets of a municipality, and then only by conforming to the method of procedure prescribed by statute. Concededly no franchise was ever granted, and no agreement with reference to the use and occupancy of the streets ever entered into, except as hereinbefore stated, and no application was made to or action taken by the probate court under the statute.
 

 The cases dealing with unlimited franchise grants have no application here. The companies which successively acquired the property and rights of the
 
 *240
 
 grantee of the 20-year franchise necessarily accepted the burdens as well as the benefits of that franchise. They could not take the grant free from the limitations expressly imposed. That franchise by its own terms expired in 1910, and every right of the predecessor of the defendant to occupy said streets, or any part thereof, ceased on August 31, 1915, under the clear and express terms of its contract above recited, and it could not thereafter convey something which it no longer possessed.
 

 Mere acquiescence in the continued unauthorized occupancy of the streets, or non-action on the part of public officials to prevent obstruction, or delay in bringing action to procure an order of ouster, could not serve to confer any right upon the defendant company or estop the city from maintaining this proceeding.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Kinkade, J., not participating.