**CITY OF NORWALK, OHIO, v. EQUITABLE TRUST CO. OF NEW YORK.**

**No. 6126.**

Circuit Court of Appeals, Sixth Circuit.

March 17, 1933.

HICKS, Circuit Judge, dissenting.

G. Ray Craig, of Norwalk, Ohio, and W. A. Eversman, of Toledo, Ohio (Rex F. Bracy and E. G. Martin, both of Norwalk, Ohio, and H. C. Laughlin and Williams, Eversman & Morgan, all of Toledo, Ohio, on the brief), for appellant.

George D. Welles and E. F. Boxell, both of Toledo, Ohio (Milbank, Tweed, Hope & Webb, of New York City, and Tracy, Chapman & Welles, of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The Ohio Electric Power Company was engaged in furnishing electricity to the residents of the city of Norwalk, Ohio, for heating and lighting purposes. The city passed an ordinance March 23, 1926, directing the power company to remove its poles and wires from the city streets. Upon the refusal of the company to comply with the ordinance, the city caused quo warranto proceedings to be instituted against it in the Court of Appeals of Huron county, Ohio. The power company answered alleging a perpetual right to use the streets under a grant from the state (Rev. St. Ohio 1880, § 3461, and section 3471a (as added by 84 Ohio Laws, p. 7), and, following the submission of the case on proofs, the court entered a decree of ouster.

State, ex rel. Martin v. Ohio Electric Power Co., 35 Ohio App. 481, 172 N. E. 615. The Supreme Court of the state affirmed (Ohio Electric Power Co. v. State' ex rel. Martin, 121 Ohio St. 235, 167 N. E. 877); and thereafter this suit was brought by the appellee, as mortgagee of the properties of the power company, to have the ordinance under which the city acted declared void and to enjoin the enforcement of the decree of ouster. Upon the hearing of the case, the District Court entered an order enjoining the city, its officers and representatives, and all others to whom notice of the order should come, from taking any steps or action of any kind to cause the enforcement or carrying out of the decree of the state court. From this order the city appeals.

The argument of counsel before us revolves about the source and extent of the right under which the power company' entered and has heretofore used the streets. The appellee insists that it was derived from the state,[1] and, being in perpetuity, both the ordinance of the city and the decree of the state court should be enjoined as violating the constitutional provision guaranteeing the sanctity of contract obligations. The city contends that the grant in the state statute upon which the appellee relies was limited to incorporated companies, and that, as the power company is successor in right, title, and obligations to a partnership which acquired the right to use the streets under city ordinances which have expired, the right of ouster exists. This view of the city was taken by the Supreme Court of the state in the ouster proceeding. We do not find it necessary to pass upon these questions nor to consider in connection therewith, as argued, either the scope of the city's powers or the effect of its acquiescence in the use of its streets after the expiration of the city ordinances, for in our opinion the proofs in the case do not justify a federal court sitting in equity in interfering with the decree of the state court.

The District Court undoubtedly had jurisdiction of both the parties and subject-matter of this litigation. The relief sought was of the character that equity alone can grant, and in that sense there was equity jurisdiction. It does not follow, however, that it was within the legitimate scope of the powers of the court to enjoin all persons to whom notice of the order of injunction should come from taking any steps or action of any kind to cause the enforcement of the judgment of the state court. While it is true that the decree is broad enough in its terms to enjoin the city and its agents from forcibly removing the wires and poles without state warrant, we cannot regard it as·a whole as having any other effect or purpose than to stay the hand of the state court in carrying out its judgment of ouster. Thus defining it, its incidental effect upon the possible unauthorized action of city officials is too negligible to be given consideration in determining its character. Considering it, therefore, as effecting its purpose of staying proceedings in the state court, we inquire into its validity under the authorized practice in equity procedure.

Section 265 of the Judicial Code (28 USCA § 379) provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." This provision, as said in Wells Fargo & Co. v. Taylor, 254 U. S. 175, 183, 41 S. Ct. 93, 96, 65 L. Ed. 205, was "designed to be in accord with, and not antagonistic to, our dual system of courts," which means, it seems to us, that, except as may be authorized by laws relating to proceedings in bankruptcy, the powers of federal courts to stay proceedings in a state court are no greater than those with which state courts are invested under the general·rules of the equity practice. In the opinion in the case just referred to the court points out three classes of cases in which a federal court is not prevented by the Code provision, supra, from issuing injunctions staying state court proceedings. This proceeding does not fall within any of the classes mentioned. In its objective analysis, it is a suit by a mortgagee to obtain a readjudication of the law and facts adjudicated by a state court of competent jurisdiction in a proceeding to which the mortgagor was a party. There is no claim that an injunction is necessary to protect the jurisdiction of the federal court properly acquired and still subsisting; that the decree of the state court is void for lack of jurisdiction; that the relief here sought should be granted because of fraud or mistake amounting to fraud in the state court proceeding; or that the appellee was'denied notice of the state court proceeding and an opportunity to be heard.

[1] Zanesville v. Zanesville T. & T. Co., 64 Ohio St. 67, 80, 81, 59 N. E. 781, 52 L. R. A. 150, 83 Am. St. Rep. 725; Farmer v. Telephone Co., 72 Ohio St. 526, 531, 532, 74 N. E. 1078; Telephone Co. v. Cincinnati, 73 Ohio St. 64, 81, 76 N. E. 392; Hardin-Wyandot Lighting Co. v. Upper Sandusky, 93 Ohio St. 428; 439, 113 N. E. 402; affirmed, Hardin-Wyandot Lighting Co. v. Upper Sandusky, 251 U. S. 173, 40 S. Ct. 104, 64 L. Ed. 210.

In the Wells Fargo & Co. Case, the bill alleged that the express company had not been in any wise "negligent or at fault." Indeed, the express company in that case presented a petition to the state court and asked to be made a party defendant in order to set up the grounds on which it later sought, in the federal court case, to enjoin the enforcement of the judgment. The petition was denied. In Simon v. Southern Railway, 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, the state court judgment was void for lack of sufficient service of process; and in Public Service Co. of Northern Ill. v. Corboy, 250 U. S. 153, 39 S. Ct. 440, 63 L. Ed. 905, the state court had exercised a nonjudicial function, and therefore had acted beyond its power. Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870, was a proceeding to enjoin the enforcement of a judgment obtained by fraud not discovered until after the judgment was rendered. In National Surety Co. v. State Bank (C. C. A.) 120 F. 593, 61 L. R. A. 394, cited with approval in the Wells Fargo & Co. Case, the judgment resulted from a mistake of a public officer for which the plaintiff suing in equity, not the judgment defendant but obligated to pay the judgment, was in no wise responsible. It appeared in that case that the judgment had been rendered without opportunity on the part of the plaintiff to put in a meritorious defense, which it had. The court held that the bill presented a new and justiciable case which had not been presented to or decided by the state court. After stating that the plaintiff had a complete defense to the claim upon which the judgment in the state court was based, that it was prevented from availing itself of the defense by an unavoidable accident, that neither it nor any of its agents was guilty of any negligence in not presenting the defense, and that the enforcement of the judgment would result in extortion, it was held that good conscience required that equitable relief be granted. Louisville Trust Co. v. City of Cincinnati, 76 F. 296, 317 (C. C. A. 6) went no further than to enjoin the defendant "from taking into its own hands the enforcement of the decree of the state court." In issuing the injunction in that case, the court was careful, however, to point out that it was not proper to enjoin the issuance or execution of any writ under the decree of the state court or to enjoin the defendant from applying for any writ which the state court might lawfully issue, or to prevent the execution of such writ although its execution might be destructive of the interest of the complainant.

It is true that the courts have held that the inhibitions of section 265 of the Judicial Code (28 USCA § 379) do not forbid the issuance of writs of injunction enjoining the enforcement of final judgments of state courts as distinguished from proceedings in such courts. Simon v. Southern Railway, supra; Essanay Film Co. v. Kane, 258 U. S. 358, 360, 42 S. Ct. 318, 66 L. Ed. 658. Plainly, though, this provision of the statute confers no authority on the courts, but is a limitation; and we have been referred to no case holding that a federal court is authorized, under its general equity power, to issue a writ of injunction to stay the enforcement of a judgment of a state court of competent jurisdiction in the absence of a showing that the judgment was void, or that it was based upon fraud or such accident or mistake as made its enforcement unconscionable. In all the cases it seems also to be held that it must be made to appear in connection with one of these conditions that there was also an absence of any fault or negligence of the party seeking the injunction. National Surety Co. v. State Bank, supra; Denton v. Baker (C. C. A.) 93 F. 46, 49; Brown v. County of Buena Vista, 95 U. S. 157, 159, 24 L. Ed. 422; Knox County v. Harshman, 133 U. S. 152, 154, 10 S. Ct. 257, 33 L. Ed. 586; Marshall v. Holmes, 141 U. S. 589, 596, 600, 12 S. Ct. 62, 35 L. Ed. 870. It would thus seem plain from the authorities that the mere presence of federal and equity jurisdiction is not enough to authorize a federal court of equity to inquire into supposed errors of law in the judgments and decrees of state courts. Old Colony Trust Co. v. Omaha, 230 U. S. 100, 122, 33 S. Ct. 967, 57 L. Ed. 1410, does not hold otherwise. It was there decided that the trust company was not bound by a prior judgment rendered in a suit brought by its mortgagor against the city, but was free to attack the ordinance on which the judgment was based. Undoubtedly that was true, as it is in every case where equity grants relief against a final judgment. The question here is not whether the decree of the state court is an adjudication against the appellee, but whether the facts shown justify the granting of the relief sought. Whether there were sufficient facts for that purpose in the Old Colony Trust Co. Case does not appear from the opinion. We must assume that there were; otherwise there would be no reason for the emphasis placed on such conditions in the other decisions to which we have referred.

None of the conditions held to be essential to the exercise by a federal court of its power to enjoin the enforcement of a judg-

ment of a state court appears in this case. It is not claimed that the judgment is void or that it was based upon fraud or mistake of fact. The original petition was filed in the state court May 19, 1926. The case did not reach decision in that court until May 21, 1928, and was not decided by the Supreme Court of the state until June 12, 1929. The mortgage was given in 1925, and, though the appellee was not made a party to the state suit, it is not alleged or claimed that it did not have knowledge of the proceeding or that it could not have intervened therein, as mortgagee, and asserted the claims that it now makes as the basis of the relief here sought.

Error in the state court decree being the sole ground for the relief sought, and the record showing no circumstances justifying interference therewith, the injunction issued herein must be set aside, and the cause remanded, with directions to dismiss the bill.

HICKS, Circuit Judge, dissents.